UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JUDY MACIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 17-05739-AS<br><br>**MEMORANDUM OPINION AND**<br><br>**ORDER OF REMAND** |

**PROCEEDINGS**

On August 3, 2017, Plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On December 28, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). The parties filed a Joint Submission ("Joint Stip.") on April 4, 2018, setting forth

their respective positions regarding Plaintiff's claim. (Docket Entry No. 18).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On December 10, 2013, Plaintiff, formerly employed as an office worker for a college (see AR 265, 288), filed an application for Supplemental Security Income, alleging a disability since January 1, 2006. (AR 195-201).

On July 21, 2015 and January 14, 2016, the Administrative Law Judge ("the ALJ"), James Goodman, heard testimony from Plaintiff (who was represented by counsel). (See AR 40-63, 66-85). On March 21, 2016, the ALJ issued a decision denying Plaintiff's application. (See AR 22-32). After determining that Plaintiff had severe impairments -- rheumatoid arthritis and Sjogren's syndrome, in combination (AR 25)[1] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (AR 26), the ALJ

---

[1] The ALJ found that Plaintiff's other impairments -- lower back dysfunction, Raynaud's phenomenon, obesity, and depression -- were nonsevere. (AR 25-26).

found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work[3] with the following limitations: can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand/walk with normal breaks for 4 hours in an 8-hour workday; can sit with normal breaks for 8 hours in an 8-hour workday; can climb, balance, bend, stoop, kneel and crawl frequently; and should avoid dangerous heights and dangerous moving machinery. (AR 26-30). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 30), but that jobs existed in significant numbers in the national economy that Plaintiff can perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 30-32).

The Appeals Council denied Plaintiff's request for review on February 22, 2016. (See AR 1-5, 194). Plaintiff now seeks judicial review of the ALJ's decision which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

3

evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**PLAINTIFF'S CONTENTION**

Plaintiff alleges that the ALJ erred in failing to properly consider the opinion of licensed clinical social worker Marina Compean. (See Joint Stip. at 4-6, 13).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's sole claim of error warrants a remand for further consideration.

**A.   The ALJ Did Not Properly Consider Marina Compean's Opinion**

Plaintiff asserts that the ALJ did not provide a legally sufficient reason for rejecting Marina Compean's opinion. (See Joint Stip. at 4-6, 13). Defendant asserts that the ALJ did not err in discouting Marina

Compean's opinion, and, alternatively, that any error by the ALJ in failing to provide a legally sufficient reason for discounting Marina Compean's opinion was harmless. (See Joint Stip. at 7-12).

An ALJ must take into account all medical opinions of record. 20 C.F.R. § 416.927(b). Only "acceptable medical sources" can give medical opinions. 20 C.F.R. § 416.927(a)(1); Social Security Ruling 06-03p, *2 (rescinded for claims filed after March 27, 2017, 2017 WL 3928298). A licensed clinical social worker is not an "acceptable medical source," but rather is an "other source." 20 C.F.R. § 416.913(d)(1); Social Security Ruling 06-03, *2. The opinion of "other sources" cannot establish the existence of a medically determinable impairment. 20 C.F.R. § 416.913(a); Social Security Ruling 06-03p, *2. However, the opinion of "other sources" "are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file. Social Security Ruling 06-03p, *3; see also 416.913(d)(1); Garrison v. Colvin, 759 F.3d 995, 1013-14 (9th Cir. 2014)("other sources" "can provide evidence about the severity of a claimant's impairment(s) and how it affects the claimant's ability to work")(citation and alterations omitted). The ALJ may discount the testimony of "other sources" if the ALJ "gives reasons germane to each witness for doing so." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014)(citation and internal quotation marks omitted); see also Turner v. Comm'r of Soc. Sec. Admin., 613 F.3d 1217, 1224 (9th Cir. 2010).

On December 30, 2015 (between the administrative hearings that were held on July 21, 2015 and January 14, 2016), Plaintiff submitted a Mental Capacity Assessment prepared by Marina Compean, LCSW on December 3, 2015. (See AR 640-43). Ms. Compean opined inter alia that

Plaintiff had (1) moderate limitations in the abilities to maintain attention and concentration for extended periods, to sustain an ordinary routine without special supervision, to complete a normal workday without interruption from psychologically-based symptoms, and to complete a normal workweek without interruptions from psychologically based symptoms; (2) marked limitations in the abilities to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and to perform at a consistent pace with a standard number and length of rest periods; and (3) slight limitations in the abilities to respond appropriately to changes in the work setting and to be aware of normal hazards and take appropriate precautions. (See AR 641-42).

At the January 14, 2016 administrative hearing, Plaintiff testified that she had received therapy for depression from Ms. Compean, a counselor at St. John's Well Child and Family Center who works under the supervision of Dr. Rodriguez. (See AR 70-71).

The ALJ addressed Ms. Compean's opinion as follows: "Marin Compean, LCSW, opined in December 2015 that the claimant had moderate to marked limitations in certain aspects of sustained concentration and persistence (Exhibit B19F/2-3). [¶] I accord little weight to Ms. Compean's opinion because she is not an acceptable medical source." (AR 25).

The ALJ's reason for discounting Ms. Compean's opinion was insufficient. See Haagenson v. Colvin, 656 Fed. Appx. 800 (9th Cir. 2016)("The only reason that the ALJ offered for rejecting their opinions

is that they are not 'acceptable medical sources' within the meaning of the federal regulation. However, the regulation already presumes that nurses and counselors are non-acceptable medical sources, yet still requires the ALJ to consider them as 'other sources.'")

Defendant alternatively contends that the ALJ's error in discounting Ms. Compean's opinion was harmless because (1) the opinion is not supported by any treatment notes, (2) the opinion is not supported by the medical record, and (3) Plaintiff did not testify at the hearings that she had issues with sustained concentration and persistence, and Plaintiff did not allege in her disability reports that she suffered a mental condition which limited her ability to work. (See Joint Stip. at 9-12).

Contrary to Defendant's contention, the ALJ's failure to consider Ms. Compean's opinion was not harmless error. It is not "clear from the record . . . that [the ALJ's error] was "inconsequential to the ultimate non-disability determination." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(citation omitted); see also Carmickle v. Commissioner, 533 F.3d 1155, 1162 (9th Cir. 2008)("[T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, . . ., it is whether the ALJ's decision remains legally valid, despite such error."); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)("A decision of the ALJ will not be reversed for errors that are harmless.").

//
//

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 13, 2018

> /s/
> ALKA SAGAR
> UNITED STATES MAGISTRATE JUDGE